UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON L. HAYWOOD,<br><br>            Plaintiff,<br><br>     v.<br><br>STOUFFLER, *et al.*,<br><br>            Defendants. | Case No.  2:21-cv-02401-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>     (1) FILE AN AMENDED COMPLAINT; OR<br><br>     (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Cameron Haywood is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He alleges that defendant correctional officers Stouffler, Blanco, Clauson, McDonald, and Camalian violated his Eighth Amendment rights by leaving him "unobserved" in his cell while he bled from a self-inflicted wound.  ECF No. 1.  He also alleges that defendants violated his First Amendment rights by threating to make life difficult for him if he did not withdraw a grievance.  *Id.* at 1.  I find that plaintiff has failed to state a

1

cognizable claim. I will give him an opportunity to amend his complaint before recommending that it be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on March 8, 2020, he started a fire in his cell, cut his arm with a razorblade multiple times in front of an unnamed correctional officer and a "psych tec[h]," and smeared blood on the window in his cell. ECF No. 1 at 3. He claims that defendants left him in his cell "unobserved" while he was bleeding and while the fire was burning. *Id.* He also alleges that defendants told him that if he did not withdraw an unspecified grievance that "they [would] make the rest of [his] time here hard" and it would "be like living in hell." *Id.*

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment when he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities, and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety—"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844.

The complaint does not state an Eighth Amendment claim against the named defendants. Plaintiff's allegation that defendants left him "unobserved" does not demonstrate that they were "aware" of a "substantial risk of serious harm." Significantly, plaintiff does not allege either that defendants knew that he was suicidal or that they were present when he set the fire and cut himself. *See Jones v. Speidell*, No. 1:16-CV-01335-DAD-SKO-PC, 2017 WL 2119473, at *9 (E.D. Cal. May 16, 2017) (finding that because the plaintiff failed "to show any knowledge by any of the defendants that he was suicidal," he failed to allege an Eighth Amendment claim).

Additionally, the complaint does not state a First Amendment retaliation claim. A claim for retaliation under the First Amendment has five elements: "(1) [a]n assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct,

and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, plaintiff's vague assertions fail either to specify the content of the grievance or to provide facts indicating how his First Amendment activity was chilled. *See Coto v. Moffett*, No. 1:13-CV-00864-LJO, 2014 WL 6698256, at *3 (E.D. Cal. Nov. 26, 2014) (dismissing plaintiff's claim for retaliation because his conclusory allegation that he was retaliated against was unsupported by specific factual allegations).

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

4

IT IS SO ORDERED.

Dated: __April 28, 2022__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE