UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON L. HAYWOOD, | Case No. 2:21-cv-02401-JDP (PC) |
| Plaintiff, | SCREENING ORDER THAT PLAINTIFF: |
| v. | (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR |
| STOUFFLET, *et al.*, | |
| Defendants. | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 11 |
| | THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that defendants violated his Eighth Amendment right to adequate medical care by ignoring his claims that he was suicidal and going to engage in self-harm. ECF No. 11 at 5. Plaintiff's complaint, however, does not comply federal pleading standards. I will give him leave to amend.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      **II.**    **Analysis**

21        Plaintiff alleges that the ten defendants, three of whom are named only as "Does," violated his Eighth Amendment rights by ignoring his claims that he was suicidal and about to engage in self-harm.  ECF No. 11 at 4-12.  Plaintiff has failed, however, to satisfy federal pleading standards.  Rather than explain his interactions with each individual defendant in detail, plaintiff has alleged that each ignored him in essentially same way.  He has drafted what is best described as a boilerplate paragraph, although handwritten and varying slightly, into which he has inserted the name of each defendant.  *See, e.g.*, *id.* at 5-6.  As such, the allegations amount to the sort of formulaic labels and conclusions that the Supreme Court has deemed insufficient.  *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It may be that each of these ten defendants was alerted to plaintiff's predicament in the same way and responded identically.  That does not, however, permit plaintiff to offer the same boilerplate pleadings as to each of the ten defendants whom he seeks to sue.  Otherwise, a defendant could draft a single paragraph of allegations and attribute it to any number of defendants without needing to describe his allegations against each with any particularity.

Plaintiff may file an amended complaint that addresses these shortcomings.  If he decides to do so, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or state his intent to stand by the current complaint, subjecting to a recommendation of dismissal for failure to state a claim.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   August 5, 2022                           _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

3