UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON L. HAYWOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STOUFFLET, *et al.*,<br><br>　　　　Defendants. | No.  2:21-cv-02401-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 53 |

　　　　Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff moves for the appointment of counsel.  ECF No. 53.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff moves for the appointment of counsel because he cannot afford to hire a lawyer, he is limited in his ability to litigate due to being incarcerated, the issues are complex, and a lawyer would aid him at trial. ECF No. 53 at 1-2. Plaintiff's reasons for requesting the appointment of counsel "are typical of almost every *pro se* prisoner civil rights plaintiff and alone" are insufficient to satisfy the "exceptional circumstances" standard required to justify the appointment of counsel. *See Thompson v. Paramo*, No. 16cv951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018); *Jones v. Kuppinger*, 2:13-cv-451-WBS (AC), 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."). Moreover, the allegations in the complaint are not exceptionally complicated, plaintiff has submitted several motions and pleadings without the assistance of counsel, and he has not demonstrated that he is likely to succeed on the merits.

      Accordingly, it is hereby ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 53, is denied.

IT IS SO ORDERED.

Dated:   November 27, 2023                     _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE